UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT DIXON | : |
| Plaintiff, | : No. 3:20-cv-1754 (VLB) |
| v. | : |
| | : September 30, 2022 |
| DR. FRANCESCO LUPIS, ET AL., | : |
| Defendants. | : |

### MEMORANDUM OF DECISION DENYING MOTION TO DISMISS [DKT. 20]

Robert Dixon ("Plaintiff"), an inmate under the custody of the Connecticut Department of Corrections ("DOC"), alleges various DOC employees violated federal and state law by being deliberately indifferent to his serious medical needs following an injury to his achilles tendon in September 2020. The Court conducted an initial review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff's Eighth Amendment deliberate indifference to medical needs claims and intentional infliction of emotional distress claims to proceed against five DOC employees, including Warden Kristine Barone. [IRO, Dkt. 10].

Barone now moves to dismiss all claims against her, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing (1) Plaintiff has failed to allege she was personally involved in the alleged constitutional violation; (2) alternatively, she is entitled to qualified immunity; and (3) the Court should decline to exercise supplemental jurisdiction over any remaining state law claims. [Mot., Dkt. 20]. Plaintiff objects. [Obj., Dkt. 66].

For the following reasons, Barone's motion to dismiss is DENIED.

1

## I. LEGAL STANDARD

"To survive [a] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Not all allegations in a complaint are entitled to the presumption of truth. *Id.* Conclusory allegations that are no more than "legal conclusions" or "[t]hreadbare recitals of elements of a cause of action" are not entitled to the presumption of truth. *Id.* If after considering the well-pled factual allegations the court finds that the complaint does not raise a plausible claim for relief, the court should dismiss the case. *Id.* at 679. The plausibility standard is more than mere possibility of misconduct. *Id.* Further, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Rivera v. Westchester Cty.*, 488 F. Supp. 3d 70, 75–76 (S.D.N.Y. 2020) (citing to *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999)). The defendant bears the burden of proof on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Sobel v. Prudenti*, 25 F. Supp. 3d 340, 352 (E.D.N.Y. 2014).

## II. BACKGROUND

The Court assumes the parties' familiarity with the facts of the case and repeats only those necessary for adjudicating the motion before the Court.

On September 8, 2020, during a basketball game in the recreation yard at MacDougall-Walker Correctional Institute, Plaintiff experienced sharp pain in his

right ankle that traveled up the back of his right calf to his knee.  [Am. Compl. ¶ 12; Dkt. 9].  Plaintiff was taken to the medical department and was evaluated by a nurse, who provided him with no medication for pain.  [*Id.* ¶¶ 16–18].  The next day, Plaintiff was seen by Dr. Lupis, who ordered x-rays of Plaintiff's foot and ankle.  [*Id.* ¶¶ 22–29].

Between September 14 and October 30, 2020, Plaintiff communicated with health service staff members about his injury, repeatedly seeking treatment for his pain and a diagnosis of his injury.  [*Id.* ¶¶ 30–70].  On October 23, 2020, Dr. Lupis diagnosed Plaintiff with a torn achilles tendon.  [*Id.* ¶ 65].

On November 4, 2020, Plaintiff's mother called Warden Barone regarding the fact that Plaintiff had not received corrective surgery to repair his torn achilles tendon or medication or other treatment to alleviate the pain caused by the torn tendon.  [*Id.* ¶ 71].  On November 9, 2020, Plaintiff wrote to Barone explaining in great detail the constant pain he was enduring and that medical staff had done nothing to alleviate his extreme pain and mental suffering.  [*Id.* ¶ 73].

On November 13, 2020, Plaintiff was transported for a surgical consultation with another provider, who recommended surgery to repair the torn tendon.  [*Id.* ¶¶ 75–77, 86].  On December 3, 2020, Plaintiff underwent surgery to repair his achilles tendon.  [*Id.* ¶ 88].  On February 9, 2021, Plaintiff commenced this action.  [Compl., Dkt. 1].

### III. DISCUSSION

Barone argues that Plaintiff has failed to allege her personal involvement in his alleged constitutional violation, and such claim is barred pursuant to *Tangreti v. Bachman*, 983 F.3d 609 (2d Cir. 2020).

As stated in *Tangreti*, a plaintiff raising a section 1983 claim "must directly plead and prove that 'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" 983 F.3d at 612 (citing to *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). With respect to supervisory liability, the Second Circuit explained that "[a] supervisor's 'mere knowledge of his subordinate's discriminatory purpose' is not sufficient because that knowledge does not 'amount[ ] to the supervisor's violating the Constitution.'" *Id.* at 616–17 (citing to *Iqbal*, 556 U.S. at 677).

In the motion to dismiss, Barone simply states that the "allegations utterly fail to establish that Warden Barone, through her own individual actions, violated Plaintiff's Eighth Amendment rights" and cites to three unreported district court decisions. Barone provides no legal analysis of these cases, rather only pulls out sections of the decisions that are either legally unpersuasive or factually distinguishable. Barone first cites to *Braxton v. Bruen*, where the Northern District of New York court found that even if a prison supervisory official receives notice of the inmates complaint of the risk to his health, "such evidence would be insufficient to establish personal involvement." No. 9:17-cv-1346 (BKS/ML), 2021 WL 4950257, at *6 (N.D.N.Y. Oct. 21, 2021). In support of this conclusion, the court cites to *Smart v. Annucci*—which is the second case cited by Defendant—for the

4

proposition that the failure to act upon notice "cannot support the inference that the[ ] [d]efendants, through [their] own individual actions, [have] violated the Constitution." *Id.* (citing to *Smart v. Annucci*, No.: 19-cv-7908, 2021 WL 260105, at *5 (S.D.N.Y. Jan. 26, 2021)). The district court in *Smart* reached this conclusion by citing to *Tangreti*. However, *Tangreti* does not stand for that proposition. Rather, the Second Circuit in *Tangreti* explained that a prison official can be liable if they both had personal knowledge and disregarded an excessive risk to health or safety. 983 F.3d at 619. Thus, the legal conclusion drawn in *Smart* is incorrect, and as in *Braxton* by extension.

Lastly, Barone cites to *Lewis v. Cunningham*, for the proposition that "[a] high ranking official's inaction is, by itself, insufficient to satisfy the requirement of personal involvement, especially when plaintiff's claims involve medical concerns that may be appropriately delegated to medical staff." No. 05 Civ. 9243 (GBD RLE), 2011 WL 1219287, at *7 (S.D.N.Y. Mar. 14, 2011). This quote comes from the portion of the decision discussing the lack of personal involvement of an official who simply had authority to investigate claims but was not the party who responded to the claim. *Id.* Earlier in *Lewis*, the court did find personal involvement of another high-ranking officer, relying on evidence of repeated failures to respond to deliberate indifference complaints. *Id.* at *6. The court in *Lewis* explained that "an administrator may be considered personally involved if he ignores a grievance pertaining to a matter within the scope of his responsibilities." *Id.*

5

Here, Barone's circumstances are more similar to that of the high-ranking officer, not the investigative official. Plaintiff alleges that Barone was personally involved as she communicated with Plaintiff's mother about his excruciating pain and Plaintiff wrote to Barone explaining in great detail that he complained of suffering to medical staff, which went ignored. In other words, Barone knew Plaintiff was engaging in the process of raising medical grievances and did nothing to address the failure to respond. Thus, none of the cases cited by Defendant justifiy dismissing the section 1983 claim against her.

Barone argues that, alternatively, she is entitled to qualified immunity because the scope of supervisory liability under section 1983 was not clearly established at the time of the underlying conduct in this case. Barone's argument assumes that the Court finds personal involvement solely based on her position as a supervisor. As discussed above, the Court is not finding Plaintiff alleges only supervisory liability against Barone; rather the Court finds Plaintiff has sufficiently alleged personal involvement. Therefore, Barone's argument as to why she is entitled to qualified immunity is rejected.

As Barone provides no other legal or factual argument in its motion to support dismissal, the Court denies Barone's motion to dismiss.[1]

---

[1] In her reply brief, for the first time, Barone argues that as the Warden she cannot be responsible for the decisions that rely on medical expertise. [Reply at 4]. The Court does not address this argument because Barone is not permitted to raise legal challenges for the first time in a reply brief. See Loc. R. Civ. P. 7(d) ("A reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies.").

### IV. CONCLUSION

For the above reasons, the Court DENIES Barone's Motion to Dismiss.

IT IS SO ORDERED.

                                                                                          /s/
                                                Hon. Vanessa L. Bryant
                                                United States District Judge

Dated this day in Hartford, Connecticut: September 30, 2022